**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**LEWIS FRANCIS MOFFETT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-P368-JHM**

**JAILER ART MAGLINGER** **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Lewis Francis Moffett, a pretrial detainee at the Daviess County Detention Center (DCDC), proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff sues DCDC Jailer Art Maglinger. He alleges that he was assaulted in the DCDC common area in December 2025 by Chris Katz, another inmate, and then on Easter Sunday by another inmate, Ira Dyer. He states that after the Easter assault, he was placed in administrative segregation indefinitely, which he asserts is a penalty for having been assaulted. He states that he has been trying to resolve grievances about these incidents with no luck. According to Plaintiff, he was put in Administrative Segregation on April 13, 2026, "'until further review.'" He states that on May 21, 2026, the Kentucky Department of Corrections in its "review" advised him that there was no "proof" that these assaults occurred. He maintains that the video footage of those locations on those dates would be all the proof he needed.

As relief, Plaintiff requests $200,000.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

Plaintiff sues Defendant in his official capacity only. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc.*

*Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually against Daviess County, Defendant's employer.

A municipality such as Daviess County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Daviess County. Accordingly, Plaintiff's official-capacity claim must be dismissed for failure to state a claim upon which relief may be granted.

"Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014).

Here, allowing Plaintiff an opportunity to amend to add an individual-capacity claim against Defendant would be futile. First, Plaintiff alleges no personal involvement on Defendant's part. If a person is named as a defendant without an allegation of specific conduct, the complaint

is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted).

Second, Plaintiff identifies no constitutional violation, arguing only that there should be video evidence of the assaults which he believes would exonerate him from the need for administrative segregation. Even reading Plaintiff's complaint liberally, a claim that video evidence has been withheld from him by Defendant thereby thwarting his efforts to be released from administrative segregation in violation of his due process right fails to state a claim for which relief may be granted.

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Gigliotti v. Unknown Nebel*, No. 2:26-CV-82, 2026 WL 2905383, at *2 (W.D. Mich. Sept. 28, 2026) (*Albright v. Oliver*, 510 U.S. 266, 271 (1994)). According to the Supreme Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his [or her] sentence" or when a sanction imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 487, 484 (1995); *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

"Generally courts will consider the nature and duration of a stay in segregation in determining whether it imposes an atypical and significant hardship." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citation and quotation marks omitted). The approximately five weeks that Plaintiff was housed in administrative segregation before he filed his complaint simply

is not an atypical or significant hardship. *See, e.g.*, *Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017) (holding that six months in administrative segregation does not constitute an "atypical and significant" hardship implicating inmate's due process rights); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Shelton v. Jordan*, No. 3:17-CV-00681, 2017 WL 1653581, at *2 (M.D. Tenn. May 2, 2017) (finding that the four months the plaintiff allegedly remained on administrative segregation did not rise to the level of a due process violation); *Bradley v. Evans*, 229 F.3d 1150, 2000 WL 1277229, at *5–7 (6th Cir. Aug. 23, 2000) (holding that 14 months in administrative segregation was not atypical and significant hardship). Furthermore, Plaintiff's segregation does not constitute a due process violation even if it prevents him from earning credits to reduce his sentence. *Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) ("The fact that the administrative segregation placement may have a negative implication on Randolph's opportunity to earn sentence reduction credits . . . is a collateral consequence of Randolph's placement in administrative segregation that is insufficient to create a liberty interest."); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (no constitutional right to earn sentence credits). Consequently, allowing Plaintiff to amend his complaint would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: October 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009